ARMSTRONG, Judge.
The relator, Irvin Watson, was convicted of attempted distribution of heroin. He was sentenced to serve twelve years at hard labor. The State subsequently filed a multiple bill. The trial court found relator to be a habitual offender, vacated the original sentence, and resentenced relator to twenty-five years at hard labor under R.S. *1207 15:529.1 without good time. Relator’s conviction and sentence were affirmed on appeal in 88-KA-1576. 538 So.2d 1161.
Relator is before this court claiming errors which he sought to raise on appeal. Of relevance is writ 88-K-2528 which was not considered because the appeal was pending and application for post conviction relief was premature.[1] In that writ, relator complained that one of the jurors was acquainted with one of the prosecution witnesses. That issue is reurged in the instant application.
Other assignments of error for which relator seeks review are patent errors, the overruling of a defense objection to hearsay, sufficiency of the evidence, the use of a prior felony as one of the predicate convictions on the multiple bill adjudication where the Boykin was defective, and insufficient evidence to prove a valid waiver of rights as to the other predicate conviction.
The record was reviewed for patent errors on appeal and there were none. This claim has no merit.
Relator’s second claim was that hearsay evidence was admitted in error. The only hearsay in this case concerned statements made by another person offering to sell narcotics to the officers immediately before the transaction with the relator. The statements made were part of the res gestae and, in any event, did nothing to enhance the case against the defendant. This claim has no merit.
Relator’s third claim is that he should have been granted a mistrial when it became known that one of the jurors was acquainted with a prosecution witness. When Officer Polk testified, Juror Stacie Augillard Bell volunteered that she had known him under the nickname “Lucky” years before. Both counsel and the court then interrogated the juror as to the extent of her familiarity with the witness. The court determined that the juror could be impartial and denied the defense motion for a mistrial. As the testimony of Officer Polk was substantially the same as that of Officer Imbraguglio, and there was nothing to refute the testimony of either, it is unlikely that the slight degree of acquaintance that the juror had with the witness affected her judgment as to his credibility. This claim has no merit.
As to relator’s fourth claim, the record was reviewed for sufficiency of the evidence. The facts in this case involved a hand to hand sale of heroin by the defendant to one undercover officer and witnessed by his partner. There was no evidence to refute the overwhelming testimony of the officers nor any other reason for any rational trier of fact to have maintained a reasonable doubt as to any element of the crime. This claim has no merit.
Relator’s fifth claim is that his conviction in CDC # 271-471“B” used as a predicate in his multiple bill was based on an inadequate Boykin. The Boykin of that case contains a waiver of the right to trial by a jury, the right to confront accusers and the right against self-incrimination. Relator alleges that he did not understand that he had the “right to remain silent”. The transcript indicates that relator understood that he had the right against self-incrimination and knowingly and intelligently waived same. This claim has no merit.
Relator’s sixth claim is that the evidence to prove his conviction as to the predicate case (CDC # 292-540“E”) was insufficient to show a valid waiver of rights. Relator’s contention is correct. The State only proved identity and conviction. As relator did not object as to this predicate offense at the multiple bill hearing, he would not be allowed to raise this matter on appeal, even were this writ to be treated as such. On post conviction relief, relator has the burden of proving that the conviction was based on a defective and thus invalid guilty plea.
*1208 Accordingly, this writ application is denied.
WRIT DENIED.

. The disposition of the writ was, in fact, dated February 21, 1989 and the appeal had been affirmed on February 16, 1989.